E-FILED
Tuesday, 27 April, 2021  04:20:26 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff** | ) ) | **CIVIL ACTION NO. 21-CV-02080** |
| **v.** | ) ) | |
| **WAL-MART STORES, INC., and WAL-MART STORES EAST, LP,** | ) ) ) | **C O M P L A I N T** |
| **Defendants.** | ) ) | **JURY TRIAL DEMAND** |
| | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kaleb Sleeth ("Sleeth"), a qualified individual with a disability, who was adversely affected by such practices.  As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendants Wal-mart Stores, Inc. and Wal-mart Stores East, LP (collectively "Walmart" or the "Employer") violated the ADA when Defendant failed to hire Sleeth because of his disability and when Defendant failed to provide Sleeth a reasonable accommodation, after Sleeth, who is deaf, requested an American Sign Language interpreter.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of Illinois.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Wal-Mart Stores, Inc. has continuously been and is now a Delaware corporation that operates numerous stores throughout the nation, including a Store # 2728 at 4625 E Maryland St in Decatur, Illinois. Wal-Mart Stores, Inc. has continuously been and is now doing business in the State of Illinois and the city of Decatur and has continuously had at least 15 employees.

5.      At all relevant times, Wal-Mart Stores, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h).

6.      At all relevant times, Wal-Mart Stores, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      At all relevant times, Wal-mart Stores East, LP has continuously been and is now a general limited partnership registered in Delaware that operates numerous stores throughout the nation , including Store # 2728 at 4625 E Maryland St in Decatur, Illinois. Wal-Mart Stores East, LP has continuously been and is now doing business in the State of Illinois and the city of Decatur and has continuously had at least 15 employees.

8.      At all relevant times, Wal-mart Stores East, LP has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h).

9.      At all relevant times, Wal-mart Stores East, LP has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10.     At all relevant times, Wal-mart Stores East, LP has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

11.     More than thirty days prior to the institution of this lawsuit, Sleeth filed a charge with the Commission alleging violations of the ADA by Walmart.

12.     On February 14, 2020, the Commission issued to Walmart a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13.     The Commission engaged in communications with Walmart to provide it the opportunity to remedy discriminatory practices described in the Letter of Determination.

14.     On February 9, 2021, the Commission issued to Walmart a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16.     Sleeth is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Sleeth has an impairment, deafness, that substantially limits him in the major life activity of hearing.  Walmart failed to accommodate Sleeth's request for an American Sign Language Interpreter for an interview and subjected Sleeth to an adverse employment action, failure to hire, under Section 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), because of his disability.

17.     Sometime in or around January 2019, Walmart engaged in unlawful employment practices at its Decatur, Illinois location at 4625 E. Maryland Street, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(b)(5), when Walmart failed to provide Sleeth a reasonable accommodation during the hiring process.  After Sleeth applied for a position, Walmart reached out to Sleeth, and Sleeth called Walmart back using a video relay service. During this call, Sleeth requested an interpreter and Walmart learned Sleeth was deaf. Walmart indicated they would follow up with Sleeth once they learned how to set up the interpreter. Sleeth followed up several days later by calling again, at which time Walmart told Sleeth that they were still working on setting up the interpreter. After that call, Sleeth was never contacted again by Walmart regarding his application.

18.     Sometime in or around January 2019, Walmart engaged in unlawful employment practices at its Decatur, Illinois location at 4625 E. Maryland Street, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a), when it failed to hire Sleeth because he is deaf.

18.     The effect of the practices complained of in paragraphs 16-18 above has been to deprive Sleeth of equal employment opportunities and otherwise adversely affect his status as an employee because he is deaf.

19.     The unlawful employment practices complained of in paragraphs 16-18 above were intentional.

20.     The unlawful employment practices complained of in paragraphs 16-18 above were done with malice or with reckless indifference to the federally protected rights of Sleeth.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Walmart, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B.     Order Defendant Walmart to institute and carry out policies, practices, and programs, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Walmart to make Sleeth whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant Walmart to make Sleeth whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 16-18, in amounts to be determined at trial.

E.      Order Defendant Walmart to make Sleeth whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 16-18 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Walmart to pay Sleeth punitive damages for its malicious and reckless conduct, as described in paragraphs 16-18 above, in amounts to be determined at trial.

G.      Order Defendant Walmart to make Sleeth whole through front-pay in lieu of instatement.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Dated: April 27, 2021

GWENDOLYN YOUNG REAMS
Acting General Counsel

U.S. Equal Employment Opportunity
Commission
131 M. Street, N.E.
Washington, D.C. 20507

s/Gregory Gochanour
Gregory Gochanour
Regional Attorney

s/Deborah Hamilton
_____
Deborah Hamilton
ARDC # 6269891
Supervisory Trial Attorney

s/Kelly Bunch
_____
Kelly Bunch
ARDC # 6323195
Trial Attorney

s/Jeanne Szromba
_____
Jeanne Szromba
ARDC # 4807846
Trial Attorney

U.S. Equal Employment
Opportunity Commission
Chicago District Office
230 S. Dearborn St. Ste 2920
Chicago, Illinois 60604
(312) 872-9704
Kelly.Bunch@eeoc.gov