E-FILED
Friday, 25 June, 2021  12:53:11 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 2021-cv-2080 |
| v. | ) ) ) | Judge Colin Stirling Bruce |
| WAL-MART STORES, INC., AND WAL-MART STORES EAST, LP, | ) ) ) | Magistrate Judge Eric I. Long |
| Defendants. | ) ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendants, WAL-MART STORES, INC. and WAL-MART STORES EAST, LP ("Defendants")[1], by and through their attorneys, and in response to Plaintiff's Complaint state as follows:

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kaleb Sleeth ("Sleeth") a qualified individual with a disability, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (collectively "Walmart" or the "Employer") violated the ADA when Defendant failed to hire Sleeth because of his disability and when Defendant failed to provide Sleeth a reasonable accommodation, after Sleeth, who is deaf, requested an American Sign Language interpreter.

ANSWER:     Defendants object to this "Nature of the Action" paragraph of Plaintiff's Complaint as violating Rule 8 of the Federal Rules of Civil Procedure to the extent that the paragraph is neither a "short and plain statement" of Plaintiff's claim(s), nor is it "simple, concise

---

[1] The operating entity for Store No. 2728, to which Kaleb Sleeth applied, was Wal-Mart Stores Inc., which is now known as Walmart Inc.  Kaleb Sleeth was not employed by, and did not at any time apply for employment with Wal-Mart Stores East, LP.

and direct." Defendants further object to paragraph 1 as redundant in that it is a narrative summary of the remaining paragraphs below.

Subject to and without waiving the foregoing objections, Defendants:

- Admit that Plaintiff purports to bring this action under the ADA and Title I of the Civil Rights Act of 1991;

- Admit that Plaintiff alleges that "Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (collectively "Walmart" or the "Employer") violated the ADA when Defendant failed to hire Sleeth because of his disability and when Defendant failed to provide Sleeth a reasonable accommodation, after Sleeth, who is deaf, requested an American Sign Language interpreter;"

- Deny that Defendants violated the ADA or Title I of the Civil Rights Act of 1991 in any manner, that Defendants failed to hire Kaleb Sleeth because of a disability; that Sleeth requested an American Sign Language interpreter; or that Defendants denied Sleeth a reasonable accommodation;

- Deny that Kaleb Sleeth ever applied for employment or was employed by Defendant Wal-Mart Stores East, LP;

- Are without sufficient knowledge or information upon which to form a belief as to whether Kaleb Sleeth is disabled and leaves the Plaintiff to their proof(s); and

- Deny any and all remaining allegations in in the "Nature of the Case" paragraph.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(l) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER**:      Answering Defendants admit that this Court has jurisdiction over Plaintiff's claims. All remaining allegations, Answering Defendants are without sufficient knowledge or information upon which to form a belief and leaves the Plaintiff to their proof(s).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Central District of Illinois.

**ANSWER**:      Answering Defendants deny that any unlawful employment practices were committed and therefore deny the allegations in this paragraph.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

**ANSWER:**      Admitted as to Answering Defendants.

4.      At all relevant times, Wal-Mart Stores, Inc. has continuously been and is now a Delaware corporation that operates numerous stores throughout the nation, including a Store # 2728 at 4625 E Maryland St in Decatur, Illinois. Wal-Mart Stores, Inc. has continuously been and is now doing business in the State of Illinois and the city of Decatur and has continuously had at least 15 employees.

**ANSWER:**      Admitted as to Answering Defendants.

5.      At all relevant times, Wal-Mart Stores, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h).

**ANSWER:**      Admitted as to Answering Defendants.

6.      At all relevant times, Wal-Mart Stores, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ANSWER:**      Admitted as to Answering Defendants.

7.      At all relevant times, Wal-Mart Stores East, LP has continuously been and is now a general limited partnership registered in Delaware that operates numerous stores throughout the

nation, including Store # 2728 at 4625 E Maryland St in Decatur, Illinois. Wal-Mart Stores East, LP has continuously been and is now doing business in the State of Illinois and the city of Decatur and has continuously had at least 15 employees.

> **ANSWER:**  Answering Defendants admit that Wal-Mart Stores East, LP has continuously been and is now a general limited partnership registered in Delaware that operates facilities throughout the nation, and does business in the State of Illinois.  Answering Defendants further admit that Wal-Mart Stores East, LP has continuously had at least 15 employees at all times relevant to the matters at issue in this case.  Answering Defendants deny all remaining allegations in this paragraph.

8.      At all relevant times, Wal-Mart Stores East, LP has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h).

> **ANSWER:**      Admitted as to Answering Defendants.

9.      At all relevant times, Wal-Mart Stores East, LP has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

> **ANSWER:**      Admitted as to Answering Defendants.

10.     At all relevant times, Wal-Mart Stores East, LP has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

> **ANSWER:**      Admitted as to Answering Defendants.

## ADMINISTRATIVE PROCEDURES

11.     More than thirty days prior to the institution of this lawsuit, Sleeth filed a charge with the Commission alleging violations of the ADA by Walmart.

> **ANSWER:**      Answering Defendants deny that Sleeth filed a charge with the Commission alleging violations of the ADA by Defendant Wal-Mart Stores East, LP.  Answering Defendants admit that Sleeth filed a charge with the Commission alleging violations of the ADA by Defendant Wal-Mart Stores, Inc.  Answering Defendants are without sufficient knowledge or information

upon which to form a belief regarding the remaining allegations in this paragraph and neither admits nor denies such allegations but leaves the Plaintiff to their proof(s).

12.    On February 14, 2020, the Commission issued to Walmart a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

**ANSWER:**    Answering Defendants admit that the Commission issued a letter dated February 14, 2020 to Defendant Wal-Mart Stores, Inc. indicating that the EEOC found reasonable cause to believe that Defendant Wal-Mart Stores, Inc. discriminated against Sleeth because of a disability; and inviting Defendant Wal-Mart Stores, Inc. to participate in conciliation efforts. Answering Defendants deny any and all remaining allegations in this paragraph.

13.    The Commission engaged in communications with Walmart to provide it the opportunity to remedy discriminatory practices described in the Letter of Determination.

**ANSWER:**    Answering Defendants admit that the Commission engaged in communications with Defendant Wal-Mart Stores, Inc.  Answering Defendants are without sufficient knowledge or information upon which to form a belief regarding the remaining allegations in this paragraph and neither admit nor deny same but leaves the Plaintiff to their proof(s).

14.    On February 9, 2021, the Commission issued to Walmart a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**ANSWER:**    Answering Defendants admit that the Commission issued a letter dated February 9, 2021 to Defendant Wal-Mart Stores, Inc. advising that the Commission had determined that its efforts to conciliate the charge failed to obtain an agreement from Defendant Wal-Mart Stores, Inc. an agreement acceptable to the EEOC.  Answering Defendants deny all remaining allegations in this paragraph.

15.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:**     Answering Defendants are without sufficient knowledge or information upon which to form a belief and neither admits nor denies same but leaves the Plaintiff to their proof(s).

## STATEMENT OF CLAIMS

16.     Sleeth is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Sleeth has an impairment, deafness, that substantially limits him in the major life activity of hearing. Walmart failed to accommodate Sleeth's request for an American Sign Language Interpreter for an interview and subjected Sleeth to an adverse employment action, failure to hire, under Section 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), because of his disability.

**ANSWER:**     Answering Defendants are without sufficient knowledge or information upon which to form a belief as to whether Sleeth is a qualified individual with a disability and neither admits nor denies same but leaves the Plaintiff to their proof(s).  Answering Defendants admit that Walmart did not hire Sleeth.  Answering Defendants deny any and all remaining allegations in this paragraph.

17.     Sometime in or around January 2019, Walmart engaged in unlawful employment practices at its Decatur, Illinois location at 4625 E. Maryland Street, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(b)(5), when Walmart failed to provide Sleeth a reasonable accommodation during the hiring process. After Sleeth applied for a position, Walmart reached out to Sleeth, and Sleeth called Walmart back using a video relay service. During this call, Sleeth requested an interpreter and Walmart learned Sleeth was deaf. Walmart indicated they would follow up with Sleeth once they learned how to set up the interpreter. Sleeth followed up several days later by calling again, at which time Walmart told Sleeth that they were still working on setting up the interpreter. After that call, Sleeth was never contacted again by Walmart regarding his application.

**ANSWER:**     Answering Defendants object to this paragraph of Plaintiff's Complaint as violating Rule 8 of the Federal Rules of Civil Procedure to the extent that the paragraph is neither a "short and plain statement" of Plaintiff's claim(s), nor is it "simple, concise and direct."  Subject

to and without waiving the foregoing objection, Answering Defendants deny all allegations in this

paragraph.

18.     Sometime in or around January 2019, Walmart engaged in unlawful employment
practices at its Decatur, Illinois location at 4625 E. Maryland Street, in violation of Section 102 of
Title I of the ADA, 42 U.S.C. 12112(a), when it failed to hire Sleeth because he is deaf.

    **ANSWER:**     Denied as to Answering Defendants.

18.     The effect of the practices complained of in paragraphs 16-18 above has been to
deprive Sleeth of equal employment opportunities and otherwise adversely affect his status as an
employee because he is deaf.

    **ANSWER:**     Denied as to Answering Defendants.

19.     The unlawful employment practices complained of in paragraphs 16-18 above were
intentional.

    **ANSWER:**     Denied as to Answering Defendants.

20.     The unlawful employment practices complained of in paragraphs 16-18 above were
done with malice or with reckless indifference to the federally protected rights of Sleeth.

    **ANSWER:**     Denied as to Answering Defendants.

## **PRAYER FOR RELIEF**

    Wherefore, the Commission respectfully requests that this Court:

    A.     Grant a permanent injunction enjoining Defendant Walmart, its officers, agents,
servants, employees, attorneys, and all persons in active concert or participation with it, from
engaging in any employment practice that discriminates on the basis of disability.

    B.     Order Defendant Walmart to institute and carry out policies, practices, and
programs, which provide equal employment opportunities for qualified individuals with
disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.     Order Defendant Walmart to make Sleeth whole by providing appropriate back pay
with prejudgment interest, in amounts to be determined at trial, and other affirmative relief
necessary to eradicate the effects of its unlawful employment practices.

    D.     Order Defendant Walmart to make Sleeth whole by providing compensation for
past and future pecuniary losses resulting from the unlawful employment practices described in
paragraphs 16-18, in amounts to be determined at trial.

E.      Order Defendant Walmart to make Sleeth whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 16-18 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Walmart to pay Sleeth punitive damages for its malicious and reckless conduct, as described in paragraphs 16-18 above, in amounts to be determined at trial.

G.      Order Defendant Walmart to make Sleeth whole through front-pay in lieu of instatement.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the commission its costs of this action.

**ANSWER:**   Defendants admit that Plaintiff requests the above-specified relief. Defendants deny that Plaintiff is entitled to any relief whatsoever.


## AFFIRMATIVE DEFENSES

Defendant submits the following affirmative and other defenses to Plaintiff's Complaint:

1.      The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.      The Complaint fails as to Defendant Wal-Mart Stores East, LP because Kaleb Sleeth was neither an employee of nor an applicant to Defendant Wal-Mart Stores East, as required to state a cause of action under the ADA.

3.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

4.      Each cause of action, claim, and item of damages did not accrue within the time prescribed by law before this action was brought.

5.      Defendant asserts that, if Plaintiff has accepted compensation in partial settlement of their claims from collateral sources, Defendant is entitled to a setoff in that amount.

6.      The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

7.      Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

8.      The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

9.      The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

10.      Any and all wrongful conduct alleged by Plaintiff was a business necessity.

11.      Defendant took reasonable care to prevent and correct promptly any discriminatory and/or harassing behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise and/or Defendant promptly and adequately responded to any alleged complaints of discrimination made by Plaintiff.

12.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

13.      The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

14.      Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

15.      Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not

authorized, ratified, or condoned by Defendant and Defendant did not know of nor should have known of such acts.

16.     The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

17.     The Complaint, and each and every cause of action alleged therein, is barred as Defendant was not a covered employer at the time the alleged wrongful conduct occurred.

18.     The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

19.     The Complaint, and each and every cause of action alleged therein, is limited as there were legitimate, non-discriminatory reasons for Defendant's actions.

20.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

21.     The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

22.     Defendant presently has insufficient knowledge to form a belief as to whether Defendant may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate

**WHEREFORE**, Defendants respectfully request that judgment be entered in favor of Defendants; that Plaintiff takes nothing by the above-captioned action; that Defendants recover

reasonable attorney's fees, expenses, and costs of court; and that the Defendants be awarded such

other and further relief, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**WAL-MART STORES INC.  AND
WAL-MART STORES EAST, LP**

By:      /s/ Becky L. Kalas
         Attorney for Defendants

Becky L. Kalas (ARDC No. 6279983)
*LEAD COUNSEL FOR
RECEIPT OF CALLS*
bkalas@fordharrison.com
Ford Harrison LLP
180 N. Stetson Ave, Suite 1660
Chicago, IL 60601
312-960-6115
Fax:  312-332-6130


Salvador P. Simao
ssimao@fordharrison.com
David S. Kim
dkim@fordharrison.com
FordHarrison LLP
300 Connell Drive
Suite 4100
Berkeley Heights, NJ 07922
973-646-7307
Fax: 973-646-7301

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the e-filing system on this the 25th day of June 2021, which sent notification of this filing to:

  Kelly Bunch (Kelly.bunch@eeoc.gov)
  Jeanne Szromba (Jeanne.Szromba@eeoc.gov)

         s/ Becky L. Kalas_____
         Attorney for Defendant
         Becky L. Kalas (ARDC #6279983)


 Becky L. Kalas (ARDC No. 6279983)
*LEAD COUNSEL FOR*
*RECEIPT OF CALLS*
bkalas@fordharrison.com
Ford Harrison LLP
180 N. Stetson Ave, Suite 1660
Chicago, IL 60601
312-960-6115
Fax:  312-332-6130


Salvador P. Simao
ssimao@fordharrison.com
David S. Kim
dkim@fordharrison.com
FordHarrison LLP
300 Connell Drive
Suite 4100
Berkeley Heights, NJ 07922
973-646-7307
Fax: 973-646-7301